IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL E. COLLINS, | ) | No. C 13-1371 JSW (PR) |
| Petitioner, | ) ) | **ORDER TO SHOW CAUSE** |
| vs. | ) ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | ) ) ) | |
| Respondent. | ) ) ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction.  He has paid the filing fee.

## BACKGROUND

In 2010, Petitioner was convicted in Alameda Clara County Superior Court of first-degree murder and assault with a deadly weapon.  The trial court sentenced him to a term of 27 years to life in state prison.  The California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court denied a petition for review.  Habeas petitions filed by Petitioner in the Alameda County Superior Court and in the California Supreme Court were also denied.

**DISCUSSION**

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.   Legal Claims

As grounds for federal habeas relief, Petitioner claims: (1) that the denial of bail at the preliminary hearing prevented him from obtaining private counsel and, as a result, he was forced to rely on ineffective appointed counsel; (2) that his mental impairment at the time of his offense was not brought to the attention of the court during trial; (3) that the trial court answered a jury question during deliberations without notifying or consulting defense counsel; and (4) that the trial court failed to instruct the jury, in response to its question, that unreasonable provocation caused by heat of passion reduces first-degree murder to second-degree murder. Liberally construed, these claims are sufficient to warrant a response from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all

portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28)** days of the date the answer is filed.

3.  Respondent may, within **ninety-one (91) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  <u>May 2, 2013</u>

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL E COLLINS,

           Plaintiff,

   v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS et al,

           Defendant.

_____/

Case Number: CV13-01371 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 2, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael E. Collins
F93465
P.O. Box 29000066
Represa, CA 95671

Dated: May 2, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk